# SUPREME COURT.

## ALFRED C. POST *et al.* agt. JOHN PHELAN *et al.*

*Injunction — Trespass — Right of property owner to prevent, by injunction, trespassing on lands.*

A property owner has the absolute right to prevent, by injunction, unauthorized trespassing upon his lands.

*Special Term, January*, 1886.

*Lester W. Clark*, for plaintiffs.

*James A. Deering*, for defendants.

DONOHUE, *J.*—The plaintiffs are the owners of certain lands north of One Hundred and Twenty-second street, and between Riverside drive and Claremont avenue. Their rights are in severalty, and not jointly, in the different pieces of land composing the one plot. Some years since, their agent made a joint contract with the defendant, Phelan, for the purpose of grading the lots, so that they would be even with the street, and to be in a condition for building purposes. For some years after the contract the defendant, Phelan, continued the grading of the property. It is immaterial, in this case, whether that contract was properly or diligently performed or not. In the course of the grading he used the land to be graded for the storage of the plant used in the grading. Some time during the performance of the contract a stable on one of the lots was sold to him, with the understanding that he should remove it. It is immaterial whether within a given time or before the grading should be done.

A few days before the funeral services of General Grant, whose tomb is in the immediate neighborhood of the lots in question, the defendant undertook to give some lease or right, whatever it may be, to another of the defendants, to use for

different purposes the land in question. The lease or contract, whichever it may be, contained the provision subject to his contract with the plaintiffs. The plaintiffs, finding that the land was about to be used for the erection of stands and booths for the sale of refreshments, and feeling aggrieved at such use of their property, forbade its use for that purpose, and, notwithstanding such notice, the parties who intended to use the land continued their preparations for such use, and the injunction in this suit was obtained to restrain either the defendant or his grantees from an improper use of the property.

The first contention of the defendant is, that the action will not lie, because the defendant did not lease the property, but only whatever rights he had are subject to his lease.

As matter of fact he did get payment for the agreement which he made, and did give, or pretend to give, to the other defendants some right in the premises, and whether it was a lease or whatever it was, I think the plaintiffs have the right to treat him as being a party to the effort that was being made to use their land for the purposes complained of, and that the plaintiff has the right to appeal to the court for protection for such use.

The next defense set up substantially is, that there was some kind of tenancy on the part of the defendant, Phelan, and that no injunction will lie, but that proceedings must be taken to terminate his tenancy, either as one at will or at sufferance. This defense is wholly inconsistent with the first. There is no such relation of landlord and tenant between the parties as makes a tenancy of any kind whatever between the plaintiff and defendant. As well might a painter or plasterer or carpenter who undertakes to do work on a building, claim to be the tenant of the premises he so undertakes to repair. The contract of tenancy or the relation of tenant is one well understood, and does not arise in a contract for building, for grading, for carpenter's work, or for any other purpose. The relation of the parties must be that of landlord and tenant to entitle them to notice. A mere trespasser has no such rights.

On the facts in the case, it seems to me demonstrated that, by and through the act of the defendant, and on the authority of the paper that he had executed, an effort was being made to use the property for purposes which the plaintiffs had the right to prevent, and that they are entitled to an injunction to prevent such use, and that the injunction originally obtained in this case should be made permanent, and the defendant, and those who may attempt to act for him, should be forbidden. to make such use of the property.

Judgment for plaintiffs.